```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO. 16-CV-23589-SEITZ
                          CASE NO. 04-CR-20285-SEITZ
                          MAGISTRATE JUDGE PATRICK A. WHITE
```

NICKY MARTINEZ,                    :

    Movant,                        :

v.                                 :

UNITED STATES OF AMERICA,          :

    Respondent.                    :

_____

<u>REPORT OF MAGISTRATE JUDGE RE UNAUTHORIZED SUCCESSIVE
28 U.S.C. § 2255 BUT RECOMMENDING ADMINISTRATIVE STAY
IN LIGHT JOHNSON V. UNITED STATES AND BECKLES V. UNITED STATES</u>

## I. Introduction

This matter is before the Court on the Movant's *pro se* criminal motion entitled "Motion for Immediate Release Under the Armed Career Criminal Act," (Cv-DE# 1),[1] that has been construed as a motion to vacate pursuant to 28 U.S.C. § 2255, and a later filing that has been construed as an amended motion to vacate (Cv-DE# 3), attacking his conviction and sentence for conspiracy to possess with intent to distribute cocaine and carrying a firearm in

---

[1] The "Motion for Immediate Release..." (Cv-DE# 1) and "amended" motion to vacate (Cv-DE# 3) were originally opened as two separate civil cases, 16-CV-23589-SEITZ and 16-CV-23259-SEITZ, respectively, because they were referred to the undersigned at two different times. <u>See</u> (Cr-DE# 163, 168, 169); (16-23259 DE# 3). As a general matter, where there are duplicative cases, the lower-numbered civil case continues and the higher-numbered case is administratively closed. However, the undersigned is recommending in a Report in case number 16-CV-23259-SEITZ that this, the instant higher-numbered case, continue because it was opened based on the "Motion for Immediate Release..." that was filed first in the underlying criminal case. <u>See</u> (Cr-DE# 163, 168, 169). Case number 16-CV-23259-SEITZ was opened based on the later-filed "amended" motion, and therefore should be administratively closed as duplicative.

1

furtherance of a drug trafficking crime pursuant to a guilty plea in case number 04-CR-20285-SEITZ. He seeks relief pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). The Clerk opened this matter as a new civil case.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B),(C); S.D.Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2003-19; and Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

Before the Court for review are the motion to vacate (Cv-DE# 1), the amended motion to vacate (Cv-DE# 3), the PSI, the docket in the underlying criminal case, and the docket in this Court's case number 08-CV-20308-SEITZ. See Fed. R. Ev. 201.

## II. Claims

Construing the *pro se* Movant's arguments liberally, he appears to raise the following claim in his Section 2255 motion:

1. The Movant's conviction and sentence for possessing a firearm in furtherance of a crime of violence should be vacated pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015), because his conspiracy conviction is not a "crime of violence."

## III. Procedural History

The relevant procedural history of the underlying criminal case is as follows. The Movant was charged along with three co-defendants in a narcotics conspiracy. (Cr-DE# 18). He pled guilty to conspiring to possess five kilograms or more of cocaine (21 U.S.C. 846) and carrying a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)) in exchange for the Government's dismissal of the remaining five counts. (Cr-DE# 64).

The PSI scored the base offense level as thirty-four because the offense was a violation of 21 U.S.C. § 846 involving at least fifteen kilograms but less than fifty kilograms of cocaine. (PSI § 26). However, the Movant is considered a career offender because he was over eighteen years of age at the time he committed the instant offenses, they are felony convictions that are both a crime of violence and a controlled substance offense, and he has two prior convictions for crimes of violence (F94-7254A and 94-14108CF10A), and therefore the applicable offense level is thirty-seven. (PSI ¶ 32). Three levels were deducted for acceptance of responsibility so the total offense level is thirty-four. (PSI ¶¶ 33-35).

The PSI's criminal history section scored the following prior offenses: case number **F94-7245A** for robbery; case number **94-1410CF10A** for aggravated assault with a firearm and carrying a concealed firearm; case number B01-16053 for possession of marijuana; and case number F04-4885 for possession of cocaine and marijuana. (PSI ¶¶ 39, 40, 42, 43). This totaled seven criminal history points and a criminal history category of IV, however, as a career offender, the criminal history category is VI. (PSI ¶ 44).

The resulting guidelines range is: between 262 and 327 months' imprisonment with a consecutive minimum mandatory five-year term for Count (6), five years of supervised release, and fines between $17,500 and $4,000,000. (PSI ¶¶ 77, 79, 83).

The Court adopted the PSI without change but found that a departure below the guidelines range was warranted due to the Movant's criminal history, stating:

> The defendant's criminal history is over-represented and is not that of a career offender. The defendant's prior criminal history mostly occurred over 10 years ago.

> The defendant's other offenses were for small narcotics possession. As compared to other career criminals, the defendant's criminal history is over-represented. The defendant's criminal history is more accurately represented by a criminal history category of III.
> ...
> Furthermore, had the defendant's sentence not been enhanced, his total offense level would have been a 31. The sentence is reasonable, provides for deterrence and security for the community. The sentence takes into account the factors set forth in 18 U.S.C. § 3553(a)(1-7).

(SOR).

The Court therefore sentenced him to 235 months' imprisonment as to Count (1) and sixty months' imprisonment as to Count (6), consecutive, for a total of 295 months, followed by five years of supervised release. (Cr-DE# 77).

The Eleventh Circuit Court of Appeals remanded for resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005). United States v. Martinez, 407 F.3d 1170 (11th Cir. 2005). In an order docketed on June 30, 2005, the Court resentenced him to 135 months' imprisonment as to Count (1) and sixty months as to Count (6), consecutive, for a total of 195 months, followed by five years of supervised release. (Cr-DE# 119).

The Movant filed a *pro se* Section 2255 motion to vacate on January 2, 2008 that was docketed in civil case number 08-CV-20308-SEITZ. The Court dismissed the motion to vacate as time-barred and, alternatively, denied it on the merits on October 30, 2008. See (Cr-DE# 135).

On February 13, 2015, the Movant filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582 based on the United States

Sentencing Guidelines Amendment 782. (Cr-DE# 157). The Court denied relief on January 4, 2016, because the Movant qualifies as a career offender. (Cr-DE# 161).

On June 18, 2016, the Movant filed the "Motion for Immediate Release Under the Armed Career Criminal Act" seeking relief under <u>Johnson</u>, that has been construed as a Section 2255 motion to vacate. (Cr-DE# 163); (Cv-DE# 1). The Government filed a Response arguing that the criminal motion be construed as a successive Section 2255 motion to vacate and that it be dismissed for lack of jurisdiction or, in the alternative, transferred to the Eleventh Circuit Court of Appeals in the interest of justice. (Cv-DE# 8). On July 24, 2016, the Movant filed another motion seeking relief on the standard Section 2255 form, and it has been construed as the operative "amended" Section 2255 motion, in which he restates his claim for relief under <u>Johnson</u>. (Cv-DE# 3).

On August 9, 2016, the Movant filed an application in the Eleventh Circuit Court of Appeals seeking permission to file a second or successive Section 2255 motion to vacate raising <u>Johnson</u>, case number 16-15511. The matter was still pending as of the completion of this Report.

<u>IV. Discussion</u>

Post-conviction relief is available to a federal prisoner under Section 2255 where "the sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law." 28 U.S.C. §2255(a). A federal prisoner who already filed a Section 2255 motion and received review of that motion is required to move the court of appeals for an order authorizing the district court to

5

consider a second or successive motion to vacate, set aside, or correct sentence. See 28 U.S.C. § 2255(h); 28 U.S.C. §2244(b)(3)(A).

A second or successive motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

If a movant files a second or successive habeas petition without first seeking permission from the appellate court, however, the District Court is without jurisdiction to entertain it. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

The Movant previously filed a Section 2255 motion to vacate which was denied on the merits. See Guenther v. Holt, 173 F.3d 1328, 1329 (11th Cir. 1999) (in the context of Section 2254, stating that "a second petition is successive if the first was denied or dismissed with prejudice); Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir. 2007) (a dismissal for untimeliness is with prejudice). He then filed the instant Section 2255 motion to vacate which should be construed as an unauthorized second or successive Section 2255 motion to vacate. In the instant proceeding, the Movant suggests he is entitled to review on the

merits because he is asserting a new right made retroactively applicable to cases on collateral review. While it is true that the Supreme Court made Johnson retroactively applicable to cases on collateral review, Welch v. United States, 136 S.Ct. 1257 (2016), the Movant must still seek permission from the Eleventh Circuit before filing this second motion with this court.

The Movant has already applied the United States Eleventh Circuit Court of Appeals for the authorization required by Section 2244(b)(3)(A), so direct transfer to the Eleventh Circuit is inappropriate in this case. The Movant is cautioned that his pending application needs to include sufficient detailed information regarding why he believes his sentence is no longer lawful in light of Johnson. The failure to do so may result in the rejection of his application by the Eleventh Circuit Court of Appeals. See In re Thomas, 823 F.3d 1345, 1348 (11th Cir. 2016) ("it is not enough for a federal prisoner to simply identify Johnson as the basis for the claim or claims he seeks to raise in a second or successive §2255 motion, but [movant] must show that he falls within the scope of the new substantive rule announced in Johnson.").

Because the Movant has not yet received permission from the Eleventh Circuit to file a second or successive motion to vacate, this Section 2255 motion to vacate should be dismissed as an unauthorized second or successive motion.

### IV. Stay

Notwithstanding the fact that this is an unauthorized successive motion to vacate, a stay of this matter, rather than dismissal, is warranted given the one-year AEDPA limitations period and the fact that the Johnson one-year anniversary expired on June

26, 2016. See, e.g., Johnson v. United States, 246 F.3d 655 (6th Cir. 2001)(when petitioner files motions under both Rule 33 and § 2255, the district court may then consolidate the motions, or stay the timely filed § 2255 motion pending the outcome of the Rule 33 motion); Trenkler v. United States, 268 F.3d 16 (1st Cir. 2001); United States v. Prescott, 221 F.3d 686, 689 (4th Cir. 2000); O'Connor v. United States, 133 F.3d 548, 551 (7th Cir. 1998).

The general factors governing when it is appropriate to grant a stay pending the resolution of a claim in another forum include: 1) whether the petitioner is able to demonstrate a clear hardship or inequity if the action were to move forward; 2) the injury, if any, to the respondent; and 3) the effect of the stay on the public interest, including the "judiciary's interest in efficiency, economy, and fairness." Hill v. Mitchell, 30 F. Supp.2d 997, 1000 (S.D. Ohio 1998)(citing Landis v. North American Co., 299 U.S. 248 (1936) and applying factors to motion to stay habeas petition).

For all of the foregoing reasons a stay, rather than dismissal, is warranted. This is especially true given the fact that the anniversary of the Johnson decision expired on June 26, 2016. If the Movant obtains permission from the Eleventh Circuit, it will be after the June 26, 2016 deadline, and it is possible that upon his return to this court, the motion may be subject to dismissal as time-barred pursuant to the strict guidelines of the federal one-year limitations period set forth under the AEDPA. Therefore, judicial economy and fairness dictates that this matter be administratively stayed, and the case closed until the Movant's pending application is decided. However, the Movant should be instructed that he is to file a notice with the court within thirty days of receipt from the Eleventh Circuit authorizing him to file a successive Section 2255 motion with this Court. The Movant should

be cautioned that his failure to file the required notice within the thirty-day period will result in the dismissal of this matter becoming final.

### IV. Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2255, Rule 11(a). A timely notice of appeal must be filed even if the court issues a certificate of appealability. 28 U.S.C. § 2255, Rule 11(b).

After review of the record, the undersigned finds no substantial showing of the denial of a constitutional right as to movant's claims. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (habeas petitioner must demonstrate reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further). Therefore, it is recommended that the Court deny a certificate of appealability in its final order. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Judge in objections to this report.

### V. Conclusion

For all of the foregoing reasons, it is recommended: (1) that this Section 2255 motion be dismissed as an unauthorized successive motion; (2) notwithstanding the foregoing, that in the interest of

justice, the dismissal be stayed until such time as the Movant application requesting permission to file a successive Section 2255 from the Eleventh Circuit Court of Appeals, as required by 28 U.S.C. § 2244 (b)(3)(A), is granted; (3) that no certificate of appealability issue; and (4) that this case be administratively closed, with instructions to **the Movant that he file a notice with the court within thirty days of receipt from the Eleventh Circuit authorizing him to file a successive Section 2255 motion so that the case can be reopened by the Clerk.**

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 2nd day of September, 2016.

UNITED STATES MAGISTRATE JUDGE

cc: Nicky Martinez
    70766-004
    Miami FDC
    Federal Detention Center
    Inmate Mail/Parcels
    Post Office Box 019120
    Miami, FL 33101
    PRO SE

    Anne Ruth Schultz
    United States Attorney's Office
    99 NE 4 Street
    Miami, FL 33132